AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

United States of America )
v. )
) Case No. 16mj2758
Edward LEWIS )
)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __6/23/2016__ in the county of __Bernalillo__ in the
__Judicial__ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 (a)(1), (b)(1)(B) | Possession of more than 100 grams of Heroin With Intent to Distribute |

This criminal complaint is based on these facts:

*** SEE ATTACHED AFFIDAVIT ***

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jarrell W. Perry, Special Agent DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __6/24/2016__

_____
*Judge's signature*

City and state: __Albuquerque, New Mexico__

**KAREN B. MOLZEN**
**U.S. MAGISTRATE JUDGE**
*Printed name and title*

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 24 2016
MATTHEW J. DYKMAN
CLERK

**AFFIDAVIT**

On June 23, 2016, Drug Enforcement Administration (DEA) Special Agent (S/A) Jarrell W. Perry and DEA S/A Gerald Maestas were at the Greyhound Bus Station, 320 First Street, Albuquerque, New Mexico to meet the eastbound Greyhound Bus which makes a regularly scheduled stop in Albuquerque, New Mexico.

S/A Perry approached a male, later identified as Edward LEWIS, who was seated in his respective seat on the Greyhound Bus. S/A Perry displayed his DEA badge to LEWIS, identified himself as a police officer to LEWIS, asked for and received permission to speak with LEWIS.

S/A Perry asked for and received permission from LEWIS to search his person for contraband. A consensual search of LEWIS' person revealed a hard-like bundle concealed inside of the pants that LEWIS was wearing in LEWIS' lower midsection. S/A Perry knew from his experience that the bundle and concealment method were consistent with illegal narcotics.

S/A Perry handcuffed LEWIS, thus placing him under arrest. S/A Perry took LEWIS to a private area and opened up the front of LEWIS' pants, which revealed a clear plastic wrapped, hard-like bundle concealed inside of LEWIS' underwear. LEWIS was transported to the Drug Enforcement Administration (DEA) Albuquerque District Office (ADO).

At the DEA ADO, the clear plastic, hard-like bundle was removed from LEWIS' underwear by S/A Perry and S/A Maestas. S/A Perry and DEA Task Force Officer (TFO) Frank Chavez cut into the bundle, which revealed a brown colored powdery substance that field-tested positive for the presence of heroin. S/A Perry and TFO Chavez weighed the bundle for a total weight of approximately 523.50 gross grams. S/A Perry knew from his experience that this amount is consistent with distribution rather than a personal use amount.

Post Miranda, LEWIS said that he had heroin concealed to his body and that he was to be paid $5,000.00 for transporting the heroin from Los Angeles, California to New York, New York.

This affidavit is submitted for the limited purpose of providing probable cause to support the attached criminal complaint.

_____
Jarrell W. Perry
Special Agent
Drug Enforcement Administration

_____
Chief United States Magistrate Judge